## COMPENSATION OF SCHOOL TEACHER FOR JANITOR SERVICES AND FOR TEACHING ADDITIONAL DAYS.

Court of Appeals for Pike County.

BOARD OF EDUCATION OF BENTON TOWNSHIP V. PARKER,
AN INFANT.

Decided, June 26, 1913.

*Schools—Action by Teacher for Services as Janitor—Also for Services in Teaching to Make up for Holidays.*

Without any agreement with the board of education therefor, a teacher performed services as janitor in connection with his school duties. Having dismissed school on certain holidays during the school term he substituted and taught other days, upon requirement of the board, "to make up for said holidays." *Held:* He can not recover as upon a *quantum meruit* for the janitor services; not for the prorated amount of his stipulated monthly salary for the excess days taught. Third proposition of syllabus in *Reid* v. *Board of Education,* 6 N.P.(N.S.), 526, disapproved.

*John A. Eylar,* for plaintiff in error
*Daugherty & Moore,* contra.

JONES (THOMAS A.), J.; WALTERS, J., and SAYRE, J., concur.

This action is in the court of appeals on both petition and cross-petition in error from the court of common pleas.

The petition of the infant, Earl Parker, contains two causes of action. In the first he alleges he was employed to teach school for the school year of 1911-1912 and that he taught the same for eight months; that defendant failed and neglected to employ a janitor, and that he was compelled to and did the janitor work in

connection with his school duties. He seeks judgment for the reasonable value of such janitor work.

The second cause of action alleges the employment, for the term of eight months, at the rate of forty dollars per month; that he dismissed school during the term for five holidays, and that thereafter the defendant compelled him to teach, and that he did "teach school for five days to make up for said holidays." He asks judgment for ten dollars. This cause of action contains no allegation of reasonable value. The defendant interposed a general demurrer to the petition and filed an answer which alleged that plaintiff presented no bill for his services and that he waived his claim of compensation for services.

The case was tried to the court upon an agreed statement of facts. The agreed statement substantially contains the facts alleged in the petition; it, however, states that the contract did not require the teacher to render janitor services; that the contract was "for the actual time he was employed in the school room and that plaintiff did not present his claim before bringing his suit."

The court below found for the teacher as to the janitor service, and against him for the extra service in the second cause of action set forth.

Section 7690, General Code, empowers boards of education to employ janitors and to fix their salaries.

Section 7707, General Code, provides that no teacher shall be required to do janitor work, except as mutually agreed upon by special contract, and for compensation in addition to that received by him for services as teacher.

The contract in question was silent as to the janitorship.

The claim for services are founded upon a *quantum meruit* arising from an implied contract. This claim is not well founded. The statute expressly provides that contracts for janitor services must be mutually agreed upon by special contract, and thereby excludes the application of implied contract in this particular case.

Counsel for the teacher rely upon the case of *Reid* v. *Board of Education*, 6 N.P.(N.S.), 526. We agree with the learned judge

in that case in the application of liberal construction in order to carry out the evident policies of our school laws and to conserve the interests of the school youth of our state. But in the application of this rule of construction the learned judge failed to consider other important considerations in the case.

In the first place, it may be said, if the statutes were open for construction, the interests of the public are safeguarded in cases of this kind by Section 7610, General Code. This section provides that if a board of education of any district fails to provide school privileges for the youth of the district or to provide equitable school advantages for the youth, the county commissioners, upon being advised thereof, "shall perform any or all of such duties and acts, in the same manner as the board of education by this title is authorized to perform them."

In the making of contracts and in administering public funds the Legislature has seen fit to restrict its various agencies by acts limiting their powers. While the rule of liability upon implied contracts may be generally conceded, it needs no citation of authorities in our own state at this time to support the proposition that not only are the powers of boards of this character strictly construed but that when their exercise are required to be performed in a certain manner that manner must be strictly followed.

Not only does the statute particularize that contracts of this kind, between teacher and board, must be mutually agreed upon, thus excluding all idea of an implied contract, but another restrictive statute is met in the making of certain enumerated contracts and employments by boards of education. This section is 4752, General Code, providing that in resolutions employing janitors a public roll call and a record of the yea and nay votes must be made; that "in all cases such roll call and record shall be complied with." In an unreported case of the Supreme Court from Hocking county a teacher was not allowed to recover for his services, though fully rendered, because that feature of the statute had not been complied with. *Board of Education of Green Tp.* v. *Brown, an Infant,* 81 Ohio St., 528.

In holding a right of recovery on this issue the lower court erred.

Section 7687, General Code, provides that teachers may dismiss their schools on holidays without forfeiture of pay.

The second cause of action is not based on the reasonable value of the services, but on a right to recover for five days' services, as teacher that he was compelled to teach in lieu of the holidays. Much of what was said as to his right of compensation as janitor applies here. Between teacher and board, contracts of employment are by statute express and are to be made in compliance with its provisions.

The teacher was not required to teach the five extra days and he had a right to recover his full salary without any substitution therefor. The agreed statement is that "plaintiff's contract was for the actual time he was employed in the school room." This statement is rather confusing; but when taken in connection with the other facts agreed on, it appears that the board construed it as a requirement to teach the full time, and under their compulsion he taught the extra five days.

It is apparent that there was no express agreement or understanding that the board was to pay for these services, and it is evident that the plaintiff knew that the board did not expect to pay therefor. Under the facts stated, there was no contract, either express or implied, but the services rendered were gratuitous. *C., H. V. & T. Ry. Co.* v. *Gaffney,* 65 Ohio St., 104.

The judgment of the common pleas court as to the first cause of action is reversed, and judgment will be rendered in favor of plaintiff in error.

Judgment reversed.